UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELTA RESEARCH CORPORATION, a Michigan corporation,
        Plaintiff,

v.

EMS, INC., an Ohio corporation, DAVID MOORE, an individual, and S.K. RIGGING CO., INC., an Ohio corporation, jointly and severally,

        Defendants.
_____/

CASE NO. 04-60046

HON. MARIANNE O. BATTANI

## ORDER REGARDING SUPPLEMENTAL PLEADINGS

Before the Court are supplemental pleadings filed by Delta Research Corporation and S.K. Rigging Co. in response to the Court's request for additional briefing on the status of a claim brought under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 in light of 29 U.S.C. § 14707.

**I. PROCEDURAL HISTORY AND BACKGROUND**

Plaintiff, Delta Research Corp. ("Delta"), a tool and die company, contracted with Defendant S.K. Rigging Co. (S.K. Rigging), to load and transport a boring mill from Cincinnati, Ohio to Delta's principal place of business in Livonia, Michigan. S.K. Rigging hired Defendant EMS, Inc. (EMS) to supply a flatbed semi-trailer and cab and drive the boring mill to Livonia. The mill was damaged during transport.

Thereafter, Plaintiff filed a complaint, alleging among other things, a violation of the Carmack Amendment. The parties subsequently filed dispositive motions. In the Court's

Opinion and Order Denying Plaintiff's Motion for Summary Judgment and Granting in Part and Denying in Part Defendant's Motion for Summary Judgment, the Court found a genuine issue of material fact existed as to the status of S.K. Rigging relative to the Carmack Amendment.

In moving for summary judgment, S.K. Rigging argued that it was not a regulated interstate motor carrier because it was not registered with the Secretary of Transportation. See 49 U.S.C. §§ 13902, 13903. Although the statute provides a private right of enforcement for violations of the registration provisions, these actions must be pursued in the judicial district in which the violator operates. See 49 U.S.C. § 14707. Further, pursuant to § 14707, a copy of the complaint must be served on the Secretary, and the matter must be stayed pending the Secretary's decision to intervene.

## II. DISCUSSION

### A. Interplay of statutory provisions

In light of the procedural requirements of § 14707, the Court wanted further briefing on the impact of § 14707, if any, to the instant matter, which is bought under § 14706. It appears from the parties' pleadings that S.K. Rigging operates in Ohio. Consequently, a claim seeking private enforcement of the registration requirement before this Court would be improper.

After reviewing the supplemental pleadings, the Court is satisfied that any concern in this regard is unwarranted. First the plain language of § 14707 requires a clear violation. That language is not satisfied given the factual disputes relative to S.K. Rigging's status. Further, the Court agrees with Defendant that there is no causal relationship between the

damages alleged by Plaintiff and any failure by S.K. Rigging to register as a motor carrier. Accordingly, the Court finds no basis for further delay based upon concerns of venue or the need to serve the Secretary.

### B. Reconsideration

In addition, in responding to the request for supplemental pleadings, S.K. Rigging reasserted the arguments it raised in its summary judgment motion, raised new arguments, and requested the Court reconsider its determination. Putting aside the fact that such a request is untimely, the Court finds that even if it were to consider the arguments advanced by Defendant on the merits, the Court is not persuaded that Defendant is entitled to summary judgment.

A motion for reconsideration will be granted if the moving party demonstrates that the court's order contains "a palpable defect by which the court and parties have been misled," and that "correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. <u>Marketing Displays, Inc. v. Traffix Devices, Inc.</u>, 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citation omitted).

Here, S.K. Rigging argues that because it did not actually engage in transportation, it is not a motor carrier under the Act. In addressing whether Plaintiff's transaction with S.K. Rigging fell within the purview of the Carmack Amendment, the Court turned first to the statute.

The statute broadly defines a "motor carrier" as a "person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(12); H.R. Rep. No. 103-677, at 85, reprinted in 1994 U.S.C.C.A.N. 1715, 1757 ("The term motor carrier. . .has a broad

3

connotation."). "Transportation" is defined to include the movement of property or passengers by motor vehicle as well as "services related to that movement, including, arranging for, receipt, delivery, elevation, transfer in transit,. . .handling, packing, unpacking, and interchange of passengers and property." 49 U.S.C. § 13102(19) (B).

A review of case law addressing the definition of motor carrier demonstrates that the fact that S. K. Rigging is not a regulated interstate motor carrier is not dispositive of the issue of liability under the Carmack Amendment. See Ensco, Inc. v. Weicker Transfer and Storage Co., 689 F. 2d 921, 925 (9th Cir. 1982) ("A carrier's status as a common carrier is determined not by reference to its authority but rather by reference to what it holds itself out to be.") (citations omitted). The law determines status according to the services offered by an entity, rather than by its corporate character or declared purpose. Mass v. Braswell Motor Freight Lines, Inc., 577 F.2d 665, 667 (10th Cir. 1978) (citing Ensco, 689 F.2d at 925). Thus, S.K. Rigging may be liable as a common carrier if it acts as one, even if it is not licensed. Id. Accord, Phoenix Assurance Co. v. K-Mart Corp., 977 F.Supp. 319, 326 (D. New Jersey 1997) (observing that licensed property broker's failure to register as a carrier was not dispositive of true identity and existence of dispute issues of material fact precluded summary judgment).

In light of the statutory language and case law interpreting the language, the Court rejected the argument that ownership of the vehicles used to transport the goods is dispositive of whether S.K. Rigging was providing transportation or arranging for transportation with a third party. See Custom Cartage, Inc. v. Motorola, Inc., 1999 WL 965686 No. 98 C 5192 (N.D. Ill. Oct. 15, 1999) (deciding whether the defendant was a carrier or a broker). The Courts look at whether the party holds itself out to the public

4

generally as the actual transporter of goods, Syracuse Plastics, Inc. v. Guy M. Turner, 959 F.Supp. 147, 150 (N.D. N.Y. 1997) (finding a company that engaged in rigging operations was not exempt from Carmack Amendment); Florida Power & Light Co. v. Federal Energy Regulatory Comm'n, 660 F.2d 668, 674 (5th Cir. 1981); Market Transport, Ltd. v. Maudlin, 301 Or. 727, 725 P.2d 914 (1986), as well as the services provided under the contract. Custom Cartage, Inc., supra.

S.K. Rigging maintains that the Custom Cartage court "got it wrong." Suppl. Brief at 13. S.K. Rigging does not cite any authority explicitly rejecting the Custom Cartage analysis. Further, contrary to Defendant's position, the analysis has been endorsed by other courts. See e.g. Travelers indemnity Co. v. Schneider Specialized Carriers, Inc., No. 04-5307, 2005 WL 35106 (Feb. 10, 2005, S.D.N.Y.) (adopting the position that how a party labels itself is not controlling). The Court finds the analysis persuasive and, therefore, declines to limit the analysis to those occasions wherein a court is discerning whether the registered motor carrier acted as a common carrier.

### III. CONCLUSION

For the reasons discussed above, Plaintiff can proceed with its claim against S.K. Rigging under the Carmack Amendment in this Court.

**IT IS SO ORDERED.**

                          s/Marianne O. Battani
                             MARIANNE O. BATTANI
                             UNITED STATES DISTRICT JUDGE

Dated:     April 19, 2006

## CERTIFICATE OF SERVICE

    Copies of this Order were served upon Robert P. Anderson, Kurt D. Meyer and Jerry R. Swift on this date by ordinary mail and/or electronic filing.

                                              s/Bernadette M. Thebolt
                                                  Deputy Clerk